**RECEIVED**

**FEB 17 2017**

Clerk, U.S. Courts
District of Montana
Missoula Division

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

     v.

EMILIO FRANCISCO; PDC CAPITAL
GROUP, LLC; CAFFE PRIMO
INTERNATIONAL, INC.; SAL
ASSISTED LIVING, LP; , SAL
CARMICHAEL, LP; SAL CITRUS
HEIGHTS, LP; SAL KERN CANYON,
LP; SAL PHOENIX, LP; SAL
WESTGATE, LP; SUMMERPLACE
AT SARASOTA, LP; SUMMERPLACE
AT CLEARWATER, LP;
SUMMERPLACE AT CORRELL
PALMS, LP; TRC TUCSON, LP;
CLEAR CURRENTS WEST, LP;
CAFFE PRIMO MANAGEMENT, LP;
CAFFE PRIMO MANAGEMENT 102,
LP; CAFFE PRIMO MANAGEMENT

Case No.: SACV 16-02257-CJC(DFMx)

**PRELIMINARY INJUNCTION
AGAINST ALL DEFENDANTS**

-1-

**103, LP; CAFFE PRIMO**
**MANAGEMENT 104, LP; CAFFE**
**PRIMO MANAGEMENT 105, LP;**
**CAFFE PRIMO MANAGEMENT 106,**
**LP; CAFFE PRIMO MANAGEMENT**
**107, LP; and CAFFE PRIMO**
**MANAGEMENT 108, LP,**

   **Defendants.**

This matter is now before the Court on its Order to Show Cause Regarding Issuance of a Preliminary Injunction and Appointment of a Permanent Receiver (Dkt. No. 17) issued January 5, 2017, in response to the Application by Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order and related orders, including an order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, filings in opposition, and the other evidence and argument presented to the Court, finds that:

A.   This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.   The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77t(b)) and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)) by evidence

1    establishing a *prima facie* case and reasonable likelihood that:

2

3    1. Emilio Francisco; PDC Capital Group, LLC; SAL Assisted Living, LP;

4       SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP;

5       SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP;

6       Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP;

7       TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management,

8       LP; Caffe Primo Management 102, LP; Caffe Primo Management 103,

9       LP; Caffe Primo Management 104, LP; Caffe Primo Management 105,

10      LP; Caffe Primo Management 106, LP; Caffe Primo Management 107,

11      LP; Caffe Primo Management 108, LP have engaged in, are engaging in,

12      are about to engage in, and will continue to engage in unless restrained

13      transactions, acts, practices and courses of business that constitute

14      violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); and

15      Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and

16      Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

17

18   2. Caffe Primo International, Inc. has engaged in, is engaging in, is about to

19      engage in, and will continue to engage in unless restrained transactions,

20      acts, practices and courses of business that constitute violations of

21      Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)); and Section

22      10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and

23      Rules 10b-5(a) and (c) thereunder (17 C.F.R. § 240.10b-5(a) and (c));

24

25   3. Emilio Francisco and PDC Capital, LLC, knowingly or recklessly, have

26      provided, are providing, are about to provide, and will continue to

27      provide substantial assistance to violations of Section 10(b) of the

28

Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b); and

4.  Emilio Francisco is a control person of Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP.\

C.  Good cause exists to warrant the appointment of a permanent receiver over Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management, Inc.

-4-

D.   Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action.  It is appropriate for the Court to issue this Preliminary Injunction and asset freeze to preserve and protect existing assets, and prevent the dissipation of assets.

E.   Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

**I.**

IT IS HEREBY ORDERED that a Preliminary Injunction should issue, an asset freeze should be imposed, and a permanent receiver be appointed over the entity defendants.

**II.**

IT IS FURTHER ORDERED that Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael,

-5-

LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A. employing any device, scheme or artifice to defraud;

    B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael,

1  LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate,

2  LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at

3  Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo

4  Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP;

5  Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo

6  Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108,

7  LP, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates,

8  and those persons in active concert or participation with any of them, who receive actual

9  notice of this Order, by personal service or otherwise, and each of them, be and hereby

10  are preliminarily enjoined from, directly or indirectly, in connection with the purchase or

11  sale of any security, by the use of any means or instrumentality of interstate commerce,

12  or of the mails, or of any facility of any national securities exchange:

14      A. employing any device, scheme or artifice to defraud;

16      B. making any untrue statement of a material fact or omitting to state a material

17          fact necessary in order to make the statements made, in the light of the

18          circumstances under which they were made, not misleading; or

20      C. engaging in any act, practice, or course of business which operates or would

21          operate as a fraud or deceit upon any person;

23  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

24  thereunder, 17 C.F.R. § 240.10b-5.

26                                   **IV.**

27      IT IS FURTHER ORDERED that Defendants Emilio Francisco and PDC Capital

28  Group, and their officers, agents, servants, employees, attorneys, subsidiaries and

1 affiliates, and those persons in active concert or participation with any of them, who
2 receive actual notice of this Order, by personal service or otherwise, and each of them, be
3 and hereby are preliminarily enjoined from aiding and abetting any violations of Section
4 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §
5 240.10b-5, by knowingly or recklessly providing substantial assistance to any person
6 who, directly or indirectly, in connection with the purchase or sale of any security, by the
7 use of any means or instrumentality of interstate commerce, or of the mails, or of any
8 facility of any national securities exchange:

10     A. employing any device, scheme or artifice to defraud;

12     B. making any untrue statement of a material fact or omitting to state a material
13         fact necessary in order to make the statements made, in the light of the
14         circumstances under which they were made, not misleading; or

16     C. engaging in any act, practice, or course of business which operates or would
17         operate as a fraud or deceit upon any person.

19              **V.**

20     IT IS FURTHER ORDERED that Defendants Emilio Francisco; PDC Capital
21 Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael,
22 LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate,
23 LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at
24 Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo
25 Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP;
26 Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo
27 Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108,
28 LP, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates,

and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or

1 custody of any of them and from transferring, encumbering dissipating, incurring charges
2 or cash advances on any debit or credit card of the credit arrangement of any one of the
3 Defendants, or their subsidiaries and affiliates.

**VII.**

6      IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the
7 freeze previously ordered in the TRO shall continue and shall be placed on all monies
8 and assets (with an allowance for necessary and reasonable living expenses to be granted
9 only upon good cause shown by application to the Court with notice to and an
10 opportunity for the SEC to be heard) in all accounts at any bank, financial institution or
11 brokerage firm, or third-payment payment processor, all certificates of deposit, and other
12 funds or assets, held in the name of, for the benefit of, or over which account authority is
13 held by Defendants, including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Wells Fargo | PDC Capital Group, LLC | 9230366966 |
| Wells Fargo | PDC Capital, Inc. | 2682210253 |
| Wells Fargo | PDC Capital, Inc. | 2682210261 |
| California United Bank | PDC Capital Group LLC | 1194433634 |
| Bank of America | PDC Capital Group LLC | 3250 3761 1008 |
| Bank of America | Peter Van Schultze Sole Prop dba PDC Capital | XXXX XXXX 9417 |
| Bank of America | Emilio N. Francisco & Associates LLC | 0011 0127 1806 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Bank of America | SAL Assisted Living LP | 3250 0854 9947 |
| Bank of America | Summerplace at Lincoln LLC | 3250 0854 9921 |
| Bank of America | SAL Citrus Heights LP | 3250 3112 5927 |
| Bank of America | SAL Citrus Heights, LLC | 3250 3112 5930 |
| Bank of America | SAL Kern Canyon LP | 3250 3112 5765 |
| Bank of America | SAL Kern Canyon, LLC | 3250 3112 5778 |
| Bank of America | SAL Westgate, LP | 3250 3112 5781 |
| Bank of America | SAL Westgate, LLC | 3250 3112 5794 |
| Bank of America | Summerplace at Clearwater LP | 3250 5947 5361 |
| Bank of America | Summerplace at Clearwater LLC | 3250 5940 8299 |
| Bank of America | Clear Currents West LP | 3250 3020 9815 |
| Bank of America | Clear Currents Wests LLC | 3250 3020 9828 |
| Bank of America | TRC Tucson LP | 3250 4843 8348 |
| Bank of America | Summerplace Development LLC | 3250 3761 0863 |
| Bank of America | SAL Phoenix LP | 3250 4192 5395 |
| Bank of America | SAL Carmichael LP | 3250 6144 4319 |
| Bank of America | SAL Carmichael LLC | 3250 9144 4335 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Bank of America | Summerplace at Correll Palms LP | 3250 4837 8945 |
| Bank of America | Summerplace at Correll Palms LLC | 3250 4837 8806 |
| Bank of America | Summerplace at Sarasota LP | 3506 6698 7004 |
| Bank of America | Summerplace at Sarasota, LLC | 3250 6698 7088 |
| Bank of America | Caffe Primo Management LP | 3250 0855 0952 |
| Bank of America | Caffe Primo 102 LP | 3250 3020 9543 |
| Bank of America | Caffe Primo Management 103 LP | 3250 3514 2171 |
| Bank of America | Caffe Primo Management 104 LP | 3250 3514 2155 |
| Bank of America | Caffe Primo Management 105 LP | 3250 3514 2168 |
| Bank of America | Caffe Primo Management 106 LP | 3250 3761 1273 |
| Bank of America | Caffe Primo Management 107 LP | 3250 3514 2142 |
| Bank of America | Caffe Primo Management 108 LP | 3250 4325 6994 |
| Bank of America | Caffe Primo Management 109 LP | 3250 4325 7922 |
| Bank of America | Caffe Primo Management 110 LP | 3250 4325 8730 |
| JPMorgan Chase | Caffe Primo International Inc. | 0000000000081876732 |
| JPMorgan Chase | Caffe Primo International Inc. | 0000000000030911101 |
| JPMorgan Chase | Caffe Primo 101, LLC | 00000000000252162095 |

-12-

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| JPMorgan Chase | Caffe Primo 101, LLC | 00000000002972536727 |
| JPMorgan Chase | Caffe Primo 102, LLC | 00000000000510087211 |
| JPMorgan Chase | Caffe Primo 102, LLC | 00000000002981125972 |
| JPMorgan Chase | Caffe Primo 103, LLC | 00000000000568775311 |
| JPMorgan Chase | Caffe Primo 103, LLC | 00000000003075710359 |
| JPMorgan Chase | Caffe Primo 104, LLC | 00000000000568602291 |
| JPMorgan Chase | Caffe Primo 104, LLC | 00000000003075617273 |
| JPMorgan Chase | Caffe Primo 105, LLC | 00000000000577317220 |
| JPMorgan Chase | Caffe Primo 105, LLC | 00000000003082933796 |
| JPMorgan Chase | Caffe Primo 106, LLC | 00000000000596335153 |
| JPMorgan Chase | Caffe Primo 106, LLC | 00000000003092716165 |
| JPMorgan Chase | Caffe Primo 107, LLC | 00000000000577322758 |
| JPMorgan Chase | Caffe Primo 107, LLC | 00000000003082938100 |
| JPMorgan Chase | Caffe Primo 108, LLC | 00000000000613027783 |
| JPMorgan Chase | Caffe Primo 108, LLC | 00000000003300977369 |
| JPMorgan Chase | Caffe Primo 110, LLC | 00000000000607812133 |

Any bank, financial institution or brokerage firm, or third-party payment processor

holding such monies and assets described above shall hold and retain within their control
and prohibit the withdrawal, removal, transfer or other disposal of any such funds or
other assets except as otherwise ordered by this Court.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each
of the Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo
International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights,
LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as
Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC
Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo
Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104,
LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo
Management 107, LP; Caffe Primo Management 108, LP, and their officers, agents,
servants, employees, attorneys, subsidiaries and affiliates, and those persons in active
concert or participation with any of them, who receive actual notice of this Order, by
personal service or otherwise, and each of them, be and hereby are preliminarily enjoined
from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or
otherwise disposing of, in any manner, any documents, which includes all books, records,
computer programs, computer files, computer printouts, contracts, emails,
correspondence, memoranda, brochures, or any other documents of any kind in their
possession, custody or control, however created, produced, or stored (manually,
mechanically, electronically, or otherwise), pertaining in any manner to Defendants
Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL
Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon,
LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace
at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents
West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe

Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP.

## IX.

IT IS FURTHER ORDERED that Mr. Thomas Seaman is appointed as permanent receiver of Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP, and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management, Inc., with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and

FDC Partners Management, Inc., and that such receiver is immediately authorized, empowered and directed:

   A.   to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management, Inc. (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

   B.   to assume full control of Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents

-16-

West, LP; Caffe Primo Management, LP; Caffe Primo Management 102,
LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP;
Caffe Primo Management 105, LP; Caffe Primo Management 106, LP;
Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and
their subsidiaries and affiliates including but not limited to Summerplace
Management, LLC, PDC Partners Management, Inc.; and FDC Partners
Management, Inc. by removing, as the receiver deems necessary or
advisable, any director, officer, attorney, independent contractor, employee,
or agent of any of Defendants PDC Capital Group, LLC; Caffe Primo
International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL
Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL
Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater,
LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents
West, LP; Caffe Primo Management, LP; Caffe Primo Management 102,
LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP;
Caffe Primo Management 105, LP; Caffe Primo Management 106, LP;
Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and
their subsidiaries and affiliates including but not limited to Summerplace
Management, LLC, PDC Partners Management, Inc.; and FDC Partners
Management, Inc., and any named Defendant, from control of, management
of, or participation in, the affairs of Defendants PDC Capital Group, LLC;
Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael,
LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP;
SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at
Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear
Currents West, LP; Caffe Primo Management, LP; Caffe Primo
Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo
Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo

1  Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo

2  Management 108, LP and their subsidiaries and affiliates including but not

3  limited to Summerplace Management, LLC, PDC Partners Management,

4  Inc.; and FDC Partners Management, Inc.;

6  C.  to have control of, and to be added as the sole authorized signatory for, all

7  accounts of the entities in receivership, including all accounts at any bank,

8  title company, escrow agent, financial institution or brokerage firm

9  (including any futures commission merchant) which has possession, custody

10  or control of any Assets, or which maintains accounts over which

11  Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL

12  Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL

13  Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as

14  Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll

15  Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo

16  Management, LP; Caffe Primo Management 102, LP; Caffe Primo

17  Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo

18  Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo

19  Management 107, LP; Caffe Primo Management 108, LP and their

20  subsidiaries and affiliates including but not limited to Summerplace

21  Management, LLC, PDC Partners Management, Inc.; and FDC Partners

22  Management, Inc., and/or any of its employees or agents have signatory

23  authority;

25  D.  to conduct such investigation and discovery as may be necessary to locate

26  and account for all of the assets of or managed by Defendants PDC Capital

27  Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL

28  Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL

Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management, Inc., and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E.   to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F.   to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.   to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo

Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management, Inc., and to file the accounting with the Court and deliver copies thereof to all parties;

H.   to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

I.   to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their subsidiaries and affiliates including but not limited to Summerplace Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management, Inc.;

J.   to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which (i) the receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the receiver deems necessary and advisable to carry out the receiver's mandate under this Order; and

K.   to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as permanent receiver.

## X.

IT IS FURTHER ORDERED that Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP, and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

**XI.**

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP  shall take any action or purport to take any action, in the name of or on behalf of Defendants without the written consent of the permanent receiver or order of this Court.

**XII.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby

enjoined from, directly or indirectly, with respect to these persons and entities:

    A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP; and

    C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendants Emilio Francisco; PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP; Summerplace as Sarasota, LP; Summerplace at Clearwater,

1    LP; Summerplace at Correll Palms, LP; TRC Tucson, LP; Clear Currents

2    West, LP; Caffe Primo Management, LP; Caffe Primo Management 102,

3    LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP;

4    Caffe Primo Management 105, LP; Caffe Primo Management 106, LP;

5    Caffe Primo Management 107, LP; Caffe Primo Management 108, LP, or in

6    any way to interfere with or harass the permanent receiver or his attorneys,

7    accountants, employees, or agents or to interfere in any manner with the

8    discharge of the permanent receiver's duties and responsibilities hereunder.

9

10

11                                    **XIII.**

12    IT IS FURTHER ORDERED that Defendants Emilio Francisco; PDC Capital

13   Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael,

14   LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate,

15   LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at

16   Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo

17   Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP;

18   Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo

19   Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108,

20   LP, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys,

21   shall cooperate with and assist the permanent receiver and shall take no action, directly or

22   indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or

23   her attorneys, accountants, employees or agents, in the conduct of the permanent

24   receiver's duties or to interfere in any manner, directly or indirectly, with the custody,

25   possession, management, or control by the permanent receiver of the funds, assets,

26   collateral, premises, and choses in action described above.

27

28   //

1

**XIV.**

2    IT IS FURTHER ORDERED that Defendants PDC Capital Group, LLC; Caffe

3  Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael, LP; SAL Citrus

4  Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate, LP;

5  Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll

6  Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo Management, LP;

7  Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo

8  Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106,

9  LP; Caffe Primo Management 107, LP; Caffe Primo Management 108, LP and their

10  subsidiaries and affiliates including but not limited to Summerplace Management, LLC,

11  PDC Partners Management, Inc.; and FDC Partners Management, Inc., shall pay the

12  costs, fees and expenses of the permanent receiver incurred in connection with the

13  performance of his duties described in this Order, including the costs and expenses of

14  those persons who may be engaged or employed by the permanent receiver to assist him

15  in carrying out his duties and obligations. All applications for costs, fees, and expenses

16  for services rendered in connection with the receivership other than routine and necessary

17  business expenses in conducting the receivership, such as salaries, rent, and any and all

18  other reasonable operating expenses, shall be made by application setting forth in

19  reasonable detail the nature of the services and shall be heard by the Court.

20

21                                          **XV.**

22    IT IS FURTHER ORDERED that no bond shall be required in connection with the

23  appointment of the permanent receiver. Except for an act of gross negligence, the

24  permanent receiver shall not be liable for any loss or damage incurred by any of the

25  defendants, their officers, agents, servants, employees and attorneys or any other person,

26  by reason of any act performed or omitted to be performed by the permanent receiver in

27  connection with the discharge of his duties and responsibilities.

28

1

## XVI.

2    IT IS FURTHER ORDERED that representatives of the SEC and any other

3 government agency are authorized to have continuing access to inspect or copy any or all

4 of the corporate books and records and other documents of Defendants PDC Capital

5 Group, LLC; Caffe Primo International, Inc.; SAL Assisted Living, LP; SAL Carmichael,

6 LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Phoenix, LP; SAL Westgate,

7 LP; Summerplace as Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at

8 Correll Palms, LP; TRC Tucson, LP; Clear Currents West, LP; Caffe Primo

9 Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP;

10 Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo

11 Management 106, LP; Caffe Primo Management 107, LP; Caffe Primo Management 108,

12 LP and their subsidiaries and affiliates including but not limited to Summerplace

13 Management, LLC, PDC Partners Management, Inc.; and FDC Partners Management,

14 Inc.,, and the other entities in receivership, and continuing access to inspect their funds,

15 property, assets and collateral, wherever located.

16

## XVII.

17

18    IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

19 action for the purpose of implementing and carrying out the terms of all orders and

20 decrees which may be entered herein and to entertain any suitable application or motion

21 for additional relief within the jurisdiction of this Court.

22

23

24    DATED:    January 23, 2017

25

26                                              CORMAC J. CARNEY

27                                              UNITED STATES DISTRICT JUDGE

28